UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CONTINENTAL CARS, INC., a Washington corporation, d/b/a AUBURN VALLEY,<br><br>Plaintiff,<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC., a California corporation, d/b/a MAZDA NORTH AMERICAN OPERATIONS,<br><br>Defendant. | CASE NO. C11-5266BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant's ("Mazda") motion for reconsideration of the Court's order denying judgment on the pleadings (Dkt. 33). The Court has considered the documents filed in support of this motion and the remainder of the file and hereby denies the motion for the reasons discussed herein.

ORDER - 1

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This case arises out of Mazda's alleged breach of a contract (the "Agreement") that it entered into with Plaintiff ("Auburn Valley"). For a more complete factual background see the Court's order denying Auburn Valley's motion for preliminary injunction (Dkt. 28) and the Court's order denying judgment on the pleadings (Dkt. 32).

On June 30, 2011, the Court denied Auburn Valley's motion for preliminary injunction. Dkt. 28. On September 9, 2011, the Court denied Mazda's motion to dismiss Plaintiff's ("Auburn Valley") case on the pleadings. Dkt. 32.

On September 23, 2011, Mazda moved for reconsideration. Dkt. 33. Mazda limits its motion "to the extent that the Order [denying judgment on the pleadings (Dkt. 32)] concludes that ALJ lacks authority to review contract terms, and that parallel proceedings may be maintained" because it is "contrary to the statutory scheme" at issue. Dkt. 33 at 2.

## II. DISCUSSION

**A.   Standard**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

### B. Mazda's Motion for Reconsideration

Mazda's argument for reconsideration rests on the premise that RCW Chapter 46.96 provides the exclusive remedy for a dealership to challenge a dealer's termination based on felony conviction. *See generally* Dkt. 33; *see also* RCW 46.96.070(2)(c) (felony conviction of a dealer principal is automatic good cause for termination of a dealership by the dealer). As a threshold issue, Mazda cannot succeed in its motion for reconsideration without first establishing that the Court erred in determining that RCW Chapter 46.96 does not provide such an exclusive remedy.

To begin with, Mazda has not established that Auburn Valley's contract rights, which carry a statute of limitations lasting six years, has been reduced to the fifteen days required of a dealership to challenge a dealer termination under RCW Chapter 46.96. Mazda has also glossed over the fact that it agreed with Auburn Valley that a felony conviction of Auburn Valley's dealer principal would not constitute per se good cause for termination, which is expressly contemplated by the statuory scheme; instead, they agreed that Mazda would have to establish that the conviction caused certain hardships to it and others. *See* Dkt. 32 at 2-3 (setting out Paragraph 22(B) of the Agreement). Mazda has not established that RCW Chapter 46.96 trumps their Agreement. And, while it may be that an ALJ may look to and interpret terms in a contract outside the scope provided within statutory framework to determine whether a dealer has breached materially significant franchise provisions, Mazda has not established that Auburn Valley must forego having its dispute decided in court rather than through the available administrative resolution process outlined in RCW Chapter 46.96. In short, Mazda has not established

ORDER - 3

1  with adequate authority that RCW Chapter 46.96 provides an exclusive remedy. *See, e.g.,*
2  Dkt. 3-9 (Court's prior determination that RCW Chapter 46.96 is not exclusive).
3        Mazda also argues that the order denying preliminary injunctive relief to Auburn
4  Valley and the order denying Mazda's motion for judgment on the pleadings are
5  inconsistent with one another. This may be true; however, the point is unavailing to
6  Mazda's motion for reconsideration. In its order denying Auburn Valley's motion for
7  preliminary injunction the Court presumed without deciding that Chapter RCW 46.96
8  operated as the exclusive remedy for Auburn Valley in this case. However, within that
9  order, the Court ordered the parties to file additional briefing on the issue of exclusivity.
10 Upon review of those materials and the applicable case law, the Court concluded the
11 statutory framework does not provide an exclusive remedy. Further, to the extent the
12 orders were inconsistent, the Court has determined and provided its interpretation of the
13 applicable laws in the more recent order denying Mazda's motion for judgment on the
14 pleadings. *See* Dkt. 32.
15       Here, Mazda has presented the Court with no competent evidence or adequate
16 authority that would justify granting reconsideration on the issues presented. In short,
17 Mazda has not carried its burden on reconsideration.

### III. ORDER

Therefore, the Court hereby **DENIES** Mazda's motion for reconsideration (Dkt. 33).

Dated this 27th day of September, 2011.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge