1             HONORABLE BENJAMIN H. SETTLE

2

3

4

5

6

7     IN THE UNITED STATES DISTRICT COURT
    FOR THE WESTERN DISTRICT OF WASHINGTON
8         AT TACOMA

9 CONTINENTAL CARS, INC., a Washington
 corporation, d/b/a AUBURN VALLEY   CIVIL ACTION No. 3:11-CV-05266 BHS
10 MAZDA,

11    Plaintiff,       **DEFENDANT'S OPPOSITION TO
              MOTION TO AMEND**

12 vs.

13 MAZDA MOTOR OF AMERICA, INC., a
 California corporation, d/b/a MAZDA
14 NORTH AMERICAN OPERATIONS,

15    Defendants.

16

17

18

19

20

21

22

23

24

25

DEFENDANT'S OPPOSITION TO MOTION TO AMEND
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I.   INTRODUCTION

Plaintiff Continental Cars, Inc., d/b/a Auburn Valley Mazda ("Plaintiff" or "Auburn"), moves to amend its Complaint more than a year after filing its original Complaint, allegedly seeking to "supplement the factual basis" for the claims it already asserted.  However, Plaintiff has been fully aware of these facts for *at least* eleven months.  Further, while Plaintiff maintains that its motion only seeks to supplement the facts already asserted in its Complaint, an examination of the Proposed Amended Complaint reveals that contention to be disingenuous.  The Proposed Amended Complaint seeks to add entirely new causes of action and requested remedies.  Plaintiff's late-stage amendment would cause Mazda to relitigate motions and theories that have already been addressed, resulting in significant prejudice to Mazda.  Additionally, the requested amendments would be futile.  This Motion is also unduly delayed and demonstrates bad faith on behalf of Plaintiff.  Accordingly, Mazda respectfully requests that the Court deny Auburn's Motion to Amend its Complaint.

## II.   STATEMENT OF FACTS

This lawsuit was commenced by Plaintiff over a year ago, on April 6th, 2011.  Since that date, the parties have conducted significant motions practice, including a motion to remand the case to state court, a motion for preliminary injunction, a motion to dismiss, and a motion for reconsideration of the motion to dismiss.  *See* Dkt. Nos. 5, 9, 13, 19, 22, 24, 27, 29, 30, 31, 33.  These motions were based on the theories asserted by Plaintiff in its initial Complaint.  Additionally, Mazda has devoted substantial time and expense to drafting a motion for summary judgment based on the facts and theories asserted in Plaintiff's Complaint.  Declaration of James E. Howard ("Howard Decl.") at ¶ 2.  The Proposed Amended Complaint would significantly alter, if not nullify, certain portions of the unfiled motion for summary judgment.  *Id.*  Now, more than a year after filing its initial Complaint and at least eleven months after discovering "new" facts, Plaintiff seeks leave to amend its Complaint.  Dkt. No. 42.

Dorsey & Whitney LLP
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Phone: (206) 903-8800
Fax: (206) 903-8820

1
2
3
4
5
6
7
8
9
10
11
12
13

In its Motion to Amend, Plaintiff states that it "merely wishes to formally include additional factual allegations in its Complaint," most of which "occurred after the filing of the original Complaint." *Id.* at 4. That statement is false. Plaintiff's Proposed Amended Complaint actually seeks to add entirely new causes of action and requests new forms of relief. *See* Dkt. No. 42. Specifically, the Proposed Amended Complaint alleges that Mazda violated RCW 46.96.185 by providing a list of Plaintiff's past Mazda customers to area Mazda dealers and by terminating Plaintiff in breach of the Dealer Agreement. *Id.* at 11. In other words, Plaintiff now explicitly seeks to again pursue its untimely RCW 46.96 administrative claims and also attempts to argue that they amount to a *per se* violation of the Washington Consumer Protection Act ("CPA"). Further, the proposed amended complaint requests relief in the form of an injunction and specific performance of the Dealer Agreement, both of which were not requested in the original Complaint. *Id.* at 12. However, the Court already considered and rejected Plaintiff's argument that it is entitled to an injunction under RCW 46.96. *See* Dkt. No. 28.

14
15
16
17
18
19
20
21
22
23
24

Further, Plaintiff's motion to amend is at least eleven months delayed. Plaintiff states that it wishes to amend its complaint to include additional factual allegations, "most" of which "occurred after the filing of the original complaint." Dkt. No. 42 at 3. However, Plaintiff only seeks to add two factual allegations to its Complaint: (1) that Mazda has effectively removed Plaintiff from its dealer network; and (2) that Mazda has provided a list of Plaintiff's past Mazda customers to area Mazda dealers. *Id.* at 11. As Plaintiff admits in its Motion to Amend, these facts were previously set forth by Plaintiff in its Motion for Preliminary Injunction filed with this Court over eleven months ago on May 20, 2011. Dkt. No. 42 at 2; Dkt. No. 19 at 5; Dkt. No. 20 at ¶ 15. Thus, Plaintiff has been aware of these facts, and the alleged claims and remedies associated with these facts, for *at least* eleven months. Plaintiff offers no explanation for its more than eleven month delay in amending its Complaint to reflect these "new" facts.

25

DEFENDANT'S OPPOSITION TO MOTION TO AMEND - 2
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

### III.   ARGUMENT

Plaintiff seeks leave to amend its Complaint over twelve months after filing its initial Complaint and at least eleven months after discovering "new" facts.  However, "leave to amend is not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  Rather, Federal Rule of Civil Procedure 15(a)(2) provides that the Court should allow a party to amend its complaint only "when justice so requires."  A court "may decline to grant such leave . . . where there is any *apparent or declared* reason for doing so."  *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (1991) (quotation omitted) (emphasis in original).  Specifically, courts look to the "presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."  *Griggs v. Pace Am. Grp.*, 170 F.3d 877, 880 (9th Cir. 1999) (citation omitted).  Here, all four factors are present and weigh heavily against the requested amendment.  First, the requested amendments should not be permitted because they would be futile.  The Motion to Amend should also be denied because of undue delay and the prejudice it would cause to Mazda.  Additionally, Plaintiff's attempt to spin its Motion to Amend as "only seeking to supplement the factual basis for" its claims and "not seeking to add any new claims" is not a good faith assertion.  Dkt. No. 42 at 2.

#### A.      Plaintiff's Amendments Would Be Futile

Plaintiff's attempt to add new legal theories, as well as a request for specific performance and injunctive relief, should be denied as futile.  Futility—where a proposed amendment cannot state a claim as a matter of law or is otherwise futile—can by itself justify denial of a motion for leave to amend.  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  If, as here, the amendment cannot survive a dispositive motion, amendment is futile and should be denied.  *See Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995).

##### 1.      The Addition of Claims under RCW 49.96.185 would be Futile

Plaintiff seeks to amend its Complaint to add allegations that Mazda provided a list of

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

Plaintiff's past customers to Mazda dealers, allegedly violating RCW 46.96.185.  Dkt. No. 42 at 11.  However, such amendment would be futile.  RCW 46.96.185 prohibits a manufacturer or distributor from using confidential or proprietary information obtained "from a new motor vehicle dealer to unfairly compete with the dealer."  RCW 46.96.185(1)(i).  Putting aside the fact that Mazda has done nothing to compete in the first place, under RCW 46.96, a "new motor vehicle dealer" is defined as "a motor vehicle dealer engaged in the business of buying, selling, exchanging, or otherwise dealing in new motor vehicles . . . under a franchise, sales and service agreement, or contract with the manufacturer of new motor vehicles."  RCW 46.96.020(2).

Here, Plaintiff was no longer a Mazda new motor vehicle dealer under a sales and service agreement with Mazda at the time of Mazda's distribution of a list of Plaintiff's past Mazda customers.  On February 28, 2011, Mazda provided Plaintiff a Notice of Termination, with the effective date of the termination being March 15, 2011.  Dkt. No. 10 at ¶ 23.  Thus, as of March 15, 2011, Plaintiff was no longer engaged in the business of buying and selling vehicles under an agreement with the manufacturer Mazda and, therefore, was no longer a Mazda "new motor vehicle dealer" under the definition of RCW 46.96.   Accordingly, Mazda's subsequent distribution of Plaintiff's past Mazda customers to area Mazda dealers—which Mazda did to ensure that Mazda customers continued to receive Mazda sales and service support following the termination of Plaintiff—could not constitute a violation of RCW 46.96.185, as Plaintiff was not a Mazda "new motor vehicle dealer" and was not entitled to rely on RCW 46.96.185 as a Mazda dealer.  Accordingly, the proposed amendments to add a cause of action under RCW 46.96.185 would be futile and should not be permitted.

### 2.   The Contention that Mazda Terminated Plaintiff in Breach of 46.96 has Already Been Rejected

Plaintiff raises the contention that Mazda terminated Plaintiff in violation of RCW 46.96.  However, as the Court has repeatedly recognized, Plaintiff has exhausted its remedies for

DEFENDANT'S OPPOSITION TO MOTION TO AMEND - 4
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

wrongful termination under RCW 46.96.  *See* Dkt. No. 32.  Now the question remaining is whether, as an alternative remedy, Mazda's termination violated the Dealer Agreement.  Plaintiff recognized this in its Opposition to Mazda's Motion to Dismiss, stating that it was "not seeking direct or collateral review of the Administrative Law Judge's dismissal of Auburn Valley's statutory termination rights, including the statutory 'good cause' standard."  Dkt. No. 3 at 2. Thus, the proposed amendments should be stricken as futile.

### 3.    Amendment to Add Requested Relief in the Form of an Injunction is Futile

On May 20, 2011, Plaintiff filed a Motion for Preliminary Injunction in accordance with RCW 46.96.  Dkt. No. 19.  Included in its motion were the "new" factual allegations that Mazda had distributed Plaintiff's customer lists to at least two of its competitors.  Dkt. No. 19 at 5; Dkt. No. 20 at ¶ 15.  The Court, on June 30, 2011, rejected Plaintiff's motion for injunctive relief. Dkt. No. 28.  Now, nearly a year later, Plaintiff seeks to include injunctive relief in its prayer for relief.  Dkt. No. 42 at 12.  Given that the Court has already considered and rejected Plaintiff's arguments in support of injunctive relief, such an amendment clearly cannot survive a dispositive motion and would be futile.  Additionally, RCW 46.96 provides that an injured dealer may bring a civil action only "to recover the actual damages sustained by the dealer . . . ."  RCW 46.96.260. Thus, a permanent injunction is not an available remedy through civil suit under RCW 46.96. Accordingly, Plaintiff's amendment requesting injunctive relief should be stricken as futile.

### 4.    Amendment to Include Requested Relief in the Form of Specific Performance would be Futile

Plaintiff seeks to amend its complaint to include in its requested relief "[a]n order requiring specific performance of the Dealer Agreement, including but not limited to reinstatement in to the Mazda dealer network."  Dkt. No. 42 at 12.  However, such requested relief fails as a matter of law.  Thus, allowing amendment to include such relief would be futile.

DEFENDANT'S OPPOSITION TO MOTION TO AMEND - 5
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    As an initial matter, an administrative proceeding already took place over a year ago in

2 which it was established that Plaintiff's dealer agreement was terminated.  Accordingly, there is

3 no existing contract through which specific performance can be enforced.  Furthermore, under

4 Washington law, contracts for personal service may not be enforced by specific performance.

5 *State ex rel. Schoblom v. Anacortes Veneer, Inc.*, 42 Wn.2d 338, 342, 255 P.2d 379 (Wash. 1953)

6 ("The general rule that a contract of service will not be specifically enforced is well established

7 by the authorities.") (citation omitted); *see also* 25 D. DeWolf, K. Allen, D. Caruso, *Washington*

8 *Practice Series:  Contract Law and Practice* § 15.4 (2011) ("A promise to render personal

9 services will not be specifically enforceable."); Restatement (Second) of Contracts § 367 (2011)

10 (same).  "A performance is not a personal service . . . unless it is personal in the sense of being

11 non-delegable."  25 D. DeWolf, K. Allen, D. Caruso, *Washington Practice Series:  Contract*

12 *Law and Practice* § 15.4 (2011); *see also* Restatement (Second) of Contracts § 367 cmt. b

13 (2011).  This refusal "is based in part upon the undesirability of compelling the continuance of

14 personal association after disputes have arisen and confidence and loyalty are gone . . . ."

15 Restatement (Second) of Contracts § 367 cmt. a (2011).

16    Paragraph 25(E) of the Dealer Agreement explicitly provides that the Agreement "is a

17 personal service agreement . . . and may not be assigned or sold in whole or in part . . . ."  Dkt.

18 No. 20 at 54.  Clearly, the Dealership Agreement creates a non-delegable personal services

19 contract, and, thus, may not be enforced by specific performance.  The refusal to compel Mazda

20 back into association with Plaintiff over a year after Plaintiff was terminated fits squarely within

21 the public policy behind the refusal to compel specific performance of personal service contracts.

22 Disputes here obviously have arisen and confidence and loyalty are gone.  Since Washington law

23 prohibits specific performance of such contracts, allowing Plaintiff to amend its Complaint to

24 include a request for relief in the form of specific performance would be futile.  Accordingly, the

25 Court should deny Plaintiff's Motion to Amend its Complaint as to the requested relief of

DEFENDANT'S OPPOSITION TO MOTION TO AMEND - 6
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   specific performance.

2   **B.      Plaintiff's Motion to Amend is Unduly Delayed**

3        "Undue delay is one valid reason for a district court to deny a party leave to amend."

4   *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988).  The critical question in

5   deciding whether delay is "undue" is whether the moving party knew or should have known the

6   facts and theories raised by the amendment in early stages of the litigation.  *See Jackson*, 902

7   F.2d at 1388; *see also Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393,

8   1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably

9   when the facts and the theory have been known to the party seeking amendment since the

10  inception of the cause of action.").   "[A] motion to amend should be made as soon as the

11  necessity for altering the pleading becomes apparent."  6 C. Wright, A. Miller & M. Kane,

12  *Federal Practice and Procedure: Civil* § 1488 (3d ed. 2010).

13       Here, Plaintiff incorporated the "new" facts into its own Motion for Preliminary

14  Injunction on May 20, 2011.  Dkt. No. 19 at 5; Dkt. No. 20 at ¶ 15.  Thus, Plaintiff has known

15  the "new" facts, and the underlying theories, for *at least* eleven months.  Such a lengthy delay is

16  plainly "undue."  *See McGlinchy*, 845 F.2d at 809 (9th Cir. 1988) (upholding refusal to allow

17  amendment where plaintiffs "did not give notice of their intention to amend their complaint

18  until . . . at least six months after they had become aware of the new claims"); *Jackson*, 902 F.2d

19  at 1388 (holding that eight month delay in filing amended complaint from time of discovering

20  and analyzing new facts was "inexplicable and unjustified").  Plaintiff's eleven-month delay in

21  amending its Complaint far exceeds the six- and eight-month delays that resulted in denials of

22  motions to amend in *McGlinchy* and *Jackson*.  Further, Plaintiff has offered no explanation

23  whatsoever to justify its delay.

24       Plaintiff's attempt to add new causes of action and theories of liability likewise evidences

25  undue delay.  Where a plaintiff seeks to amend, adding new theories, but not because any new

DEFENDANT'S OPPOSITION TO MOTION TO AMEND - 7
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

facts recently came to the plaintiff's attention, it is well established that the court may properly deny leave to amend due to undue delay.  *See Mende v. Dun & Bradstreet, Inc.*, 670 F.2d 129, 131 (9th Cir. 1982); *see also Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (Amendment should be denied "when the movant present[s] no new facts but only new theories and provide[s] no satisfactory explanation for his failure to fully develop his contentions originally.") (quotation omitted); *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982) (Denial of leave to amend is proper where the plaintiff "provided no satisfactory explanation for his failure to fully develop his contentions originally, and the amended complaint was brought only to assert new theories, if anything, and was not premised upon new facts.").  Plaintiff's late addition of new theories is not premised on the recent discovery of new facts.  Rather, Plaintiff has known the facts underlying its new causes of action and requests for relief for at least eleven months. Accordingly, Plaintiff's Motion to Amend is unduly delayed and should be denied.

### C.     Allowing Plaintiff to Amend Would Unduly Prejudice Mazda

"[A]n amendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if permitted, would have the effect of prejudicing another party to the action."  6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 1488 (3d ed. 2010).  Here, this is precisely what occurred: Plaintiff inexplicably waited at least eleven months to seek leave to amend its Complaint to assert previously known and futile claims, and, due to that delay, Mazda will suffer prejudice if the proposed amendments were allowed.

Prejudice occurs where an amendment unnecessarily increases costs and where time and expense have already been incurred that would have to be repeated, among other things.  *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (Providing that undue prejudice is caused where a party would be subjected to "the time and expense of continued litigation on a new theory" and where the opposing party has "already incurred substantial

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

litigation costs"); *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) ("Expense, delay, and wear and tear on individuals and companies count toward prejudice."). Courts have repeatedly held that where an amendment would require the non-amending party to replicate efforts already completed, the extra burden and cost is prejudicial and makes amendment inappropriate. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010) (upholding denial of motion to amend where Plaintiff waited nearly a year to make the motion and a substantive motion had been filed against their complaint); *Trim Fit, LLC v. Dickey,* 607 F.3d 528, 531-32 (8th Cir. 2010) (affirming denial of amendment where discovery efforts would have to be duplicated); *M/V Am. Queen v. San Diego Marine Const. Corp.*, 708 F.2d 1483, 1492 (9th Cir. 1983) (upholding denial of motion to amend where no facts are newly discovered and where the new allegations would alter the basis of the action). It is manifestly unfair and unduly prejudicial to put a defendant through the time and expense of continued litigation on a new theory with the possibility of repeating earlier efforts. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Here, extensive motion practice has been conducted on Plaintiff's original Complaint and the theories contained within that Complaint, including a motion to remand the case to state court, a motion for preliminary injunction, a motion to dismiss, and a motion for reconsideration of the motion to dismiss. *See* Dkt. Nos. 5, 9, 13, 19, 22, 24, 27, 29, 30, 31, 33. Should the Court permit Plaintiff's Motion, Mazda would be forced to relitigate motions on which the Court has already ruled and on which Mazda spent significant time briefing. Specifically, Mazda would be forced to revisit its motion to dismiss for the third time to address the newly added theories of liability and requests for relief. Such repetition of a motion that has already been before the Court twice would cause great prejudice to Mazda in the form of additional expense. Additionally, Mazda has incurred significant time and expense in the briefing of a yet-unfiled motion for summary judgment. Howard Decl. at ¶ 2. If the Court were to grant Plaintiff leave to

DEFENDANT'S OPPOSITION TO MOTION TO AMEND - 9
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    Amend, Mazda would be forced to rewrite significant portions of that motion.  *Id.*  Thus,

2    granting Plaintiff leave to amend would greatly prejudice Mazda.

3         **D.      Plaintiff's Motion Demonstrates Bad Faith**

4         In its Motion to Amend, Plaintiff repeatedly claims that its Motion "only seeks to

5    supplement the factual basis for the claims already asserted" and seeks "to further clarify the

6    relief it is seeking in this action"  Dkt. No. 42 at 2–3.  Those statements are at best disingenuous.

7    Notably, the Proposed Amended Complaint would add an entirely new cause of action against

8    Mazda under RCW 49.96.  *Id.* at 11.  Additionally, Plaintiff's original Complaint sought only

9    monetary damages, yet its Proposed Amended Complaint seeks the additional relief of an

10   injunction and specific performance.  *Id.* at 12.  These equitable remedies encompass unique and

11   additional considerations not present in a request for monetary damages.  Accordingly, Plaintiff's

12   assertion that it "merely wishes to include additional factual allegations in its Complaint" is

13   false.  Dkt. No. 42 at 4.  Plaintiff's misstatements, together with the unexplained eleven month

14   delay, evidence bad faith on its part.  *See, e.g.*, *Owens v. Kaiser Found. Health Plan, Inc.*, 244

15   F.3d 708, 712 (9th Cir. 2001) (delaying assertion of new defenses to force party to incur

16   expenses indicates bad faith); *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th

17   Cir. 2001) (dilatory tactics and doubtful value of amendment indicated bad faith).

18   Overwhelmingly, these factors indicate that leave to amend is inappropriate here.

19        **E.      Compliance with Rule 16 Scheduling Order Does Not Evidence Timeliness**

20        Mazda anticipates that Plaintiff will argue that its Motion to Amend is not unduly delayed

21   because it was filed within the Court's Rule 16 scheduling deadline for amending pleadings.

22   However, the Rule 16 scheduling order is irrelevant to a determination of whether a motion to

23   amend is proper under Rule 15(a).  *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465

24   F.3d 946, 952 (9th Cir. 2006).  Rather, before the deadline set forth in the Rule 16 scheduling

25   order has passed, a motion to amend may be granted unless there is undue delay, prejudice, bad

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

faith or dilatory motive, or the amendment would be futile.  *See id.*  However, once the Rule 16 deadline has passed, a party must satisfy the more stringent "good cause" showing required under Rule 16 to amend its pleadings.  *Id.*  Where a party files its motion to amend within the Rule 16 deadline set by the Court, the motion is subject only to the constraints placed on motions for leave to amend under Rule 15(a).  *Id.*

Here, Plaintiff filed its Motion to Amend on the last day provided for amending pleadings in the Rule 16 scheduling order.  Thus, the Motion to Amend is subject to the Rule 15(a) analysis for amending pleadings, rather than the "good cause" inquiry that would have ensued had the amendment been sought after the scheduling order cutoff.   As discussed above, Plaintiff's Motion to Amend fails to satisfy the Rule 15(a) inquiry due to undue delay, prejudice, bad faith, and futility.

## IV.  CONCLUSION

For the foregoing reasons, Mazda respectfully requests that the Court deny Plaintiff's Motion to Amend its Complaint.

DATED this 14th day of May, 2012.

DORSEY & WHITNEY LLP


*/s/ James E. Howard*
James E. Howard, WSBA #37259
Samantha Funk, WSBA #43341
Columbia Center
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone:  (206) 903-8800
Facsimile:  (206) 903-8820

Attorneys for Defendants
Mazda Motor of America, Inc.

DEFENDANT'S OPPOSITION TO MOTION TO AMEND - 11
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused to be served the foregoing on the following counsel of record by the method indicated:

| | |
|---|---|
| Michael G. Sanders | ☐ Via Messenger |
| Brian M. King | ☐ Via Federal Express |
| Davies Pearson, P.C. | ☒ Via ECF Notification |
| 920 Fawcett | ☐ Via U.S. Mail |
| Tacoma, WA 98401 | ☐ Via Electronic Mail |

Dated this 14th day of May 2012.

*/s/  James E. Howard*
James E. Howard

DEFENDANT'S OPPOSITION TO MOTION TO AMEND - 12
3:11-CV-05266 BHS

Dorsey & Whitney LLP
COLUMBIA CENTER
701 FIFTH AVENUE, SUITE 6100
SEATTLE, WA 98104-7043
PHONE: (206) 903-8800
FAX: (206) 903-8820