UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CONTINENTAL CARS, INC.,

        Plaintiff,

    v.

MAZDA MOTOR OF AMERICA, INC., et al.,

        Defendants.

CASE NO. C11-5266 BHS

ORDER GRANTING MOTION TO AMEND

    This matter comes before the Court on Continental Car, Inc's ("Continental") motion to amend the complaint (Dkt. 42). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file. For the reasons stated herein, the Court grants the motion.

## I. FACTUAL & PROCEDURAL HISTORY

    This matter arises out of an alleged breach of dealer agreement, and violations of RCW 46.96 as well as RCW 19.86, et seq. (Consumer Protection Act). Dkts. 2-1 at 5-9 and 42. On April 26, 2012, Continental filed a motion to amend its complaint. Dkt. 42.

ORDER - 1

On May 14, 2012, Mazda Motor of America, Inc. ("Mazda") filed its response in opposition to Continental's motion to amend. Dkt. 44. On May 18, 2012, Continental filed a reply. Dkt. 46.

## II. DISCUSSION

Federal Rule of Civil Procedure (FRCP) 15(a)(2) provides that when a party moves to amend before trial, "[t]he court should freely give leave when justice so requires." District courts generally consider four factors in determining whether to deny a motion to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." *Kaplan v. Rose,* 49 F.3d 1363, 1370 (9th Cir. 1994).

**A.     Undue Delay**

"Undue delay is one valid reason for a district court to deny a party leave to amend." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988).

Mazda argues that Continental knew of the facts it alleges are new for at least eleven months, when it made its motion for preliminary injunction in May 2011. Dkt. 44 at 8 (*citing* Dkts. 10 at 5 and 20 at 15). In support of its argument, Mazda contends that the critical question in deciding whether delay is "undue" is whether the moving party knew or should have known the facts and theories raised by the amendment in the early stages of the litigation. *See Jackson,* 902 F.2d at 1388; *see also Acri v. Int'l Ass'n of*

*Machinists & Aerospace Workers*, 781 F.2d 1393,1398 (9th Cir. 1986). Mazda argues that Continental's eleven-month delay is plainly "undue" under case law.[1] Dkt. 44 at 8.

Based on the facts set out above, Mazda further argues that Continental has not ultimately pled new facts. *Id*. at 7-8. Rather, it has only advanced new theories of liability and offers no explanation as to why it did not seek amendment earlier. *Id*. at 8-9. Mazda argues that in these circumstances, the law is well established that the court may properly deny leave to amend. *Id*. at 9.

In general, Continental argues that it has met the standard for filing under FRCP 15(a), which generally "favor[s] amendments." Dkt. 46 at 2. It contends that Mazda has not yet commenced discovery in the case; the trial is not scheduled to begin until March 15, 2013; and adequate time exists for discovery based on the pleadings. *Id*. at 2-3. It further contends that it is simply asserting new facts, and its complaint alleges that Mazda violated RCW 46.96, which is not a new claim. *Id.* According to Continental, "the proposed amendment merely provides additional specific examples of Mazda's breach of RCW 46.69." *Id*. Although the Court disagrees with Continental's claim that its facts are "new," as the corporation knew of these facts at least eleven months prior to seeking amendment, the Court agrees with the remainder of Continental's position.

---

[1] Mazda cites the following case law for support: *McGlinchy*, 845 F.2d at 809 (9th Cir. 1988) (upholding refusal to allow amendment where plaintiffs "did not give notice of their intention to amend their complaint until . . . at least six months after they had become aware of the new claims"); *Jackson*, 902 F.2d at 1388 (holding that eight-month delay in filing amended complaint from time of discovering and analyzing new facts was "inexplicable and unjustified").

Moreover, Continental notes that its amendment is timely with respect to Rule 16 and the Court's scheduling order. Dkt. 46 at 3. The amended pleadings deadline would be meaningless if the Court found that an amendment was untimely when the amendment was sought before the Court's deadline. Therefore, the Court finds that the amendments are timely and thus do not result in undue delay. This factor weighs in favor of Continental.

**B.     Bad Faith**

Although a delay in seeking to amend does not alone constitute sufficient basis for denial of a motion to amend, "a dilatory maneuver in bad faith" does constitute grounds for a denial of such a motion. *See U.S. v. Pend Oreille Public Utility Dist. No.1* 926 F.2d 1502, 1511-1512 (9th Cir. 1991).

Mazda contends that Continental's motion evidences bad faith. According to Mazda, Continental's statements that it "only seeks to supplement the factual basis for the claims already asserted" and "to further clarify the relief it is seeking in this action" (Dkt. 44 at 11) is "disingenuous." Dkt. 44 at 11. Further, Mazda argues that Continental has delayed eleven months in seeking to amend, when it knew of the facts on which its amendments rely for months (Dkt. 44 at 11), at least as early as June 17, 2011 when it was seeking its injunction. Dkt. 24 at 3.

Based on the record before it, the Court does not find that Continental patently acted in bad faith. While the Court is aware that Continental knew of the alleged facts prior to seeking this motion to amend, it finds the proposed amendments merely plead additional relevant facts and give specific examples of Mazda's breach of RCW 46.69.

Additionally, the Court acknowledges that Continental's delay in seeking to amend the complaint, after substantial motion practice occurred over the last year, may suggest dilatory maneuvering, which is not favored by the Court. However, the Court cannot find that Continental's conduct constitutes bad faith. This factor weighs in favor of Continental.

**C.     Prejudice to the Opposing Party**

Prejudice occurs where an amendment unnecessarily increases costs and where time and expense have already been incurred that would have to be repeated, among other things. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989).

Mazda argues that "extensive motions practice has been conducted on Plaintiff's original complaint and the theories within that Complaint," including "a motion to remand the case to state court, a motion for preliminary injunction, a motion to dismiss, and a motion for reconsideration of the motion to dismiss." Dkt. 44 at 10 (*citing* Dkt. 5, 9, 13, 22, 24, 27, 29, 30, 31, and 33). Mazda contends that were the Court to grant Continental's motion to amend, Mazda would be "forced to relitigate motions on which this Court has already ruled and on which Mazda has spent significant time." *Id*. at 10. Mazda argues that it will be forced to revisit "its motion to dismiss for a third time to address newly added theories of liability and requests for relief." *Id*. Ultimately, Mazda contends such a duplication of efforts would cause "great prejudice to Mazda in the form of additional expense." *Id*.

While not responding directly to all of Mazda's contentions regarding prejudice in its reply, Continental maintains generally that "the amendment sought has no potential to cause prejudice to Mazda." Dkt. 42 at 4. It contends that "Mazda has yet to engage in formal discovery, so it cannot claim prejudice as a result of the amended pleading." *Id*. Continental further maintains sufficient notice has been provided, so the proposed amendment simply provides Mazda with advance notice of the specific nature of the claims it allegedly asserted. *Id*.

Although Mazda may bear some additional expense due to the amended complaint, especially in filing its third motion to dismiss, the Court does not find the additional expense constitutes undue prejudice. Rather, such costs are inherent in the vagaries of litigation. Additionally, as Continental articulates above, formal discovery has yet to begin, and with the amended complaint, it puts Mazda on notice of the specific nature of the claims it is asserting. Therefore, the Court finds this factor weighs in favor Continental.

**D.     Futility of Amendment**

Futility – where a proposed amendment cannot state a claim as a matter of law or is otherwise futile – can by itself justify denial of a motion for leave to amend. *Borin v. Caldron*, 59 F.3d 815, 845 (9th Cir. 1995). If the amendment cannot survive a dispositive motion, amendment is futile and should be dismissed. *See Partington v. Bugliosi*, 56 F.3d 1147, 1166 (9th Cir. 1995).

1          A substantial amount of Mazda's response brief is devoted to arguing futility.
2    First, in brief, Mazda argues that an amendment requiring specific performance fails as a
3    matter of law because the dealership agreement ("Agreement") is a personal services
4    contract and under Washington law, contracts for personal service cannot be enforced by
5    specific performance. Dkt. 44 at 7. Mazda contends that the Agreement "is a personal
6    services agreement … and may not be assigned in whole or in party …." *Id*. (*citing* Dkt.
7    20 at 54).
8          Continental contends that it is not seeking performance of a "personal services"
9    contract. Dkt. 46 at 6. Rather, it seeks reinstatement into Mazda's dealership network,
10   "as provided for in the Dealership Agreement." *Id*. Notably, Continental does not cite
11   the portion of the contract which allegedly designates reinstatement as a remedy.
12   However, it contends that "specific performance is an equitable remedy available to an
13   aggrieved party for breach of contract where there is not adequate remedy at law." Dkt.
14   46 at 5. It argues that specific performance would be a proper remedy in this case where
15   "monetary damages are difficult to ascertain with reasonable certainty." Dkt. 46 at 5.
16         Essentially, the parties dispute whether or not the Agreement constitutes a
17   personal services contract. Although the Court recognizes that the Agreement facially
18   indicates that it is such, the language in the Agreement is only evidence of what type of
19   contract it arguably is. The parties did not fully brief this issue. Therefore, the Court will
20   not make a finding as to whether or not adding specific performance is futile.
21         Additionally, Mazda argues that adding additional claims under RCW 49.96.185
22   would be futile because, under that statutory scheme, the prohibition against using

confidential or proprietary information only applies if the dealer is a "new motor vehicle dealer." Dkt. 44 at 5. Mazda contends that once terminated Continental was no longer a "new motor vehicle dealer." *Id*. Therefore, Mazda claims the amendment is futile.

If the Court were to allow the claim and later find both that Mazda breached the Agreement and that reinstatement into the dealership network is an appropriate remedy, then it is conceivable that Continental could be considered a "new motor vehicle dealer" at the time of wrongful termination. Given the variable outcomes of the case, the Court cannot find that adding the new claim would be "futile."

Finally, Mazda argues that adding relief in the form of an injunction would be futile because the Court already denied the motion for injunctive relief. Dkt. 44 at 6. According to Mazda, "given that the court has already considered and rejected the plaintiff's arguments in support of injunctive relief, such an amendment clearly cannot survive a dispositive motion," therefore it "would be futile." *Id*.

The Court has denied Continental's motion for a preliminary injunction, and the ruling does indicate that "it appears that [Continental] is not likely to succeed on the merits of its claims that Mazda breached its agreement." Dkt 28. at 12. However, the Court's order denying the motion for preliminary injunction does not necessarily mean that the Court will deny permanent injunctive relief. Therefore, the Court does not find that adding the possible remedy of injunctive relief through specific performance is futile. Whether such relief is available will have to be determined through further motions practice.

This factor also weighs in favor of Continental's motion to amend.

## III. CONCLUSION

All four factors of undue delay, prejudice, bad faith, and futility of amendment weigh in favor of granting Continental's motion to amend.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Continental's motion to amend (Dkt. 42) is **GRANTED**. Plaintiff shall file the amended complaint as a separate electronic docket entry no later than July 31, 2012.

Dated this 24th day of July, 2012.

BENJAMIN H. SETTLE
United States District Judge