UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CONTINENTAL CARS, INC.,

    Plaintiff,

v.

MAZDA MOTOR OF AMERICA, INC.,

    Defendant.

CASE NO. C11-5266 BHS

ORDER DENYING PROTECTIVE ORDER AND DIRECTING NOTICE TO NON-PARTY

This matter comes before the Court on Continental Cars's ("Continental") motion for a protective order (Dkt. 52). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On August 23, 2012, Continental filed a motion for a protective order.  Dkt. 52. On August 29, 2012, Defendant Mazda Motor of America, Inc. ("Mazda") responded to Continental's motion.  Dkt. 54.  On August 31, 2012, Continental replied.  Dkt. 58.

## II. FACTUAL BACKGROUND

This case arises out of allegations of breach of contract and a violation of the Consumer Protection Act by Mazda. Dkt. 50 at 1-9. Mazda terminated its dealership agreement with Continental after the felony conviction of Wolfgang Roempke, the dealer principal for Continental d/b/a Auburn Valley Mazda. *Id*. Prior to filing the instant suit against Mazda, Continental was involved in a dispute with Hyundai over the termination of its dealership agreement with Continental. Dkt. 53 at 2.

During the course of discovery in the present action, Continental received Defendant's First Set of Interrogatories and Requests for Production ("RFP"), which included the following discovery requests:

> REQUEST FOR PRODUCTION NO. 11: Please produce all documents referring to or demonstrating the termination of dealer agreements between Auburn Valley and automobile manufacturers other than Mazda, including, without limitation, Kia and Hyundai.
>
> REQUEST FOR PRODUCTION NO. 29: Please produce all documents relating to any prior Notice of Termination sent by Hyundai to Auburn Valley and any subsequent protest by Auburn Valley of that termination.

Dkt. 53 at 2. After the receipt of the RFP's, the parties corresponded by email, letter and phone about the disclosure of information in the documents sought in requests 11 and 29. Dkt. 55 at 5-20. Continental maintained that they did not have to produce all the requested information, while Mazda asserted they did. *Id*.

## III. DISCUSSION

Continental seeks a protective order prohibiting Mazda from obtaining or using any documents or discovery, as requested in their RFP's 11 and 29, which are related to

the termination of Continental's dealer agreement with Hyundai, excepting those that are on file with or on record with the Washington Department of Licensing or the Washington Office of Administrative Hearings.  Dkt. 52 at 1-2.  Continental contends the entire Hyundai matter is irrelevant to the instant proceedings, so any documentation related to it should be protected by court order, and it maintains its settlement agreement with Hyundai is confidential.  *See* Dkt. 52.

Mazda asserts that Continental has not met its burden for a protective order because it has waived its objections to producing documents responsive to RFP Nos. 11 and 29; the Hyundai information is reasonably calculated to lead to admissible evidence; the Hyundai settlement agreement does not prevent discovery of the facts underlying that dispute; and Continental has not shown the Hyundai settlement agreement is confidential.  *See* Dkt. 54.

**A.    Legal Standard**

Under Fed. R. Civ. P. ("Rule") 26(c), a protective order may be granted upon a showing of good cause:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery ….

Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See Foltz v. State Farm Mut. Auto. Ins., Co,* 331 F. 3d 1122, 1130 (9th Cir. 2003).

**B.      Application of Standard**

Continental argues that the issue in the current action is "whether Mr. Roemke's October 2010 felony conviction resulted in a significant adverse effect on either Auburn Valley's business or reputation, or the reputation of Mazda or Mazda dealers generally." Dkt. 52 at 3. Continental bases its motion for a protective order in part on the argument that the information, depositions, documents etc. … related to its dispute with Hyundai are irrelevant to what is at issue in the present suit. Dkt. 52 at 6-8.

Mazda contends the information it seeks through RFP's 11 and 29 relates in part to mitigation of damages. Mazda has asserted affirmative defenses on the basis that Continental did not mitigate damages when it failed to file its administrative protest to their dealership termination as required by RCW 46.96.040, which would have kept the dealership agreement in place until an administrative determination was made. Dkt. 54 at 9 & Dkt. 51. Continental contends that it did not timely pursue the administrative protest because it believed Mazda would transfer the dealership to Kirk Roempke, rather than enforce termination. *See* Dkt. 19 at 4. Through the information requested from Continental, it seeks to demonstrate that in the Hyundai dispute, Continental was aware of, understood and complied with the administrative protest procedures, but it failed to comply with these same procedures as they related to Mazda's termination of its agreement with Continental. Dkt. 54 at 9-10. The Court agrees with Mazda that

information related to Continental's notice of termination in the Hyundai matter is reasonably calculated to lead to information which may support Mazda's affirmative defense that Continental failed to mitigate damages. *Id.* The Court finds that Continental has not met its burden of showing good cause as to why the Court should issue an order protecting its disclosure.

Additionally, Mazda argues that the Hyundai information will provide cross-examination material to attack the characters and truthfulness of Kirk and Wolfgang Roempke. Dkt. at 10-11. Mazda further argues this information will demonstrate that Continental would have had no basis for believing that Mazda would consider Kirk Roempke as an acceptable transfer candidate due to his alleged participation in incentive fraud with Hyundai. *Id*. at 11-12.

The Court finds that Mazda seeks information that is either directly relevant to its affirmative defense or reasonably calculated to lead to information that would impeach the character or truthfulness of potentially key witnesses. Under the liberal discovery standards imposed by Rule 26(b)(1), the information requested by Mazda falls within what is discoverable. The Court finds that Continental has not shown good cause as to why this information should be protected.

Finally, as noted by Mazda, although Continental maintains that the settlement agreement between it and Hyundai is confidential, Continental does not make any such showing. Dkt. 54 at 13. Therefore, it has not met its burden demonstrating good cause exists to protect the document. Nor does Continental argue or make any showing that disclosure of such an agreement would breach a non-party's (Hyundai) rights under that

agreement. *See* Dkts. 52 & 58. Therefore, the Court denies Continental's motion for a protective order. However, before the settlement agreement is disclosed, Continental must provide notice to Hyundai of this order, giving Hyundai an opportunity to intervene.

## IV. ORDER

It is hereby **ORDERED** that:

1. Continental's motion for protective order (Dkt. 52) is **DENIED;**

2. Continental is directed to provide notice of this order to Hyundai by October 11, 2012; and

3. If Hyundai makes no intervention by October 25, 2012, Continental will disclose the settlement agreement on that date.

Dated this 4th day of October, 2012.

  
BENJAMIN H. SETTLE  
United States District Judge