UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CONTINENTAL CARS, INC.,

    Plaintiff,

v.

MAZDA MOTOR OF AMERICA, INC.,

    Defendant.

CASE NO. C11-5266 BHS

ORDER GRANTING RULE 37 RELIEF

This matter comes before the Court on Mazda Motor of America, Inc.'s ("Mazda") motion for Rule 37 relief (Dkt. 56). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. BACKGROUND**

This case arises out of Continental Cars, Inc.'s ("Continental") allegations against Mazda for breach of contract and violation of the Consumer Protection Act. The Court's minute order of October 31, 2011, set the initial disclosure deadline for February 21, 2012. Dkt. 39. On March 15, 2012, the Court entered another minute order setting trial

ORDER - 1

and pretrial dates.  Dkt 41.  On July 24, 2012, the Court granted the parties' stipulation extending the deadline for disclosure of expert discovery under 26(a)(2) to August 28, 2012, and extending the deadline for completing expert discovery until October 31, 2012.  *Id*. at 1.  The parties agreed that fact discovery would be completed by October 1, 2012 and explicitly stipulated all other scheduled dates would remain the same.  *Id*. at 1-2.

## II. DISCUSSION

Mazda argues that Continental failed to provide a computation of damages in its initial disclosures as required by Rule 26(a)(1)(A)(iii) or to provide an expert report by the expert disclosure deadline.  Dkt. 56 at 5-6 and 7-8.  Nor did Continental provide a computation of damages even after Mazda propounded discovery on the same topic, although Continental should have done so without awaiting discovery.  Dkt. 62 at 5 (*citing* Dkt. 57 at 3).  Even though the parties stipulated and the Court ordered the extension of the deadline for expert disclosures until August 28, 2012 (Dkt. 48), as of October 1, 2012, according to an uncontroverted sworn statement submitted by Mazda, Continental had still not produced the information.  Dkt. 64 at 2 (*citing* Dkt. 63 at 1).

Mazda argues Continental's conduct has prejudiced them.  According to Mazda, Continental's failure to disclose the information regarding damages has precluded Mazda from "adequately assessing its exposure in this case, which has implicated its ability regarding experts, settlements, discovery or resources to direct to litigation."  Dkt. 62 at 4.  Therefore, Mazda seeks Rule 37 relief.  Mazda asks the Court to order either that Continental be precluded from seeking damages or that Irhan Geckil ("Geckil"),

1 Continental's identified expert, be prohibited from offering expert testimony in support of
2 Continental's case.

3 In opposition, Continental argues that it timely met its initial disclosure
4 obligations. Dkt. 59 at 2. It asserts that it identified an expert, Geckil, the subject matter
5 to which he would testify, and provided his curriculum vitae and the categories of
6 damages Continental would seek. *Id.* at 2-3. Continental claims that the precise
7 calculation of damages was impossible at that time. *Id*. at 3. It maintains that the above
8 disclosure was "sufficient to put Mazda on notice concerning the calculation of damages
9 and that they were accumulating on a daily basis." *Id*. at 3. Continental does not contend
10 that it provided any more detailed information regarding the computation of damages in
11 response to Mazda's first set of interrogatories and requests for production, than it had in
12 its prior disclosures.

13 Continental does not dispute that it failed to provide Geckil's expert report by the
14 disclosure date[1]. Rather, Continental blithely states that it would provide the information
15 in a few weeks, by September 24, 2012. Dkt. 59 at 5. According to Continental, Mazda
16 will not be prejudiced because it will have five weeks (until October 31, 2012), after
17 Continental's self-imposed deadline for disclosure, to complete its discovery regarding

---

[1] Continental claims that they timely disclosed another expert and report by Mr. Mark Mitchell ("Mitchell"), a certified public accountant. Dkt. 59 at 4. The report Continental supplied from Mitchell was a valuation analysis to determine the fair market value of common equity and used aggregate information from four Continental Cars dealerships, not just the Auburn Valley dealership at issue here. Dkt. 65 at 1-2. It was prepared "solely for tax purposes" with [n]o other use for the analysis [] intended." *Id*. at 1. The analysis "does not break out the value, if any," of the Auburn Valley dealership. Dkt. 63 at 2 and 14-16.

expert witnesses. *Id*. Continental states that if Mazda needs more time for discovery, it will stipulate to that. *Id*. Finally, it contends that dismissal of Continental's "damages claims [are]… unwarranted in light of the fact" that they timely disclosed their expert, "along with a copy of the expert's financial report." [2] *Id*.

**A.  Legal Standards**

Rule 37(c)(1), regarding the failure to disclose or supplement, states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> (B) may inform the jury of the party's failure; and
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Pursuant to Rule 26(a)(1)(A)(iii), Continental was required to disclose a computation of damages to Mazda as a part of their initial disclosures. The Rule states:

> (iii) a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered ….

---

[2] Here, Continental must be referring to Mr. Mitchell's report, not Geckil's, because Continental has not yet disclosed that report.

1 Rule 26(a)(1)(A)(iii).  According to the Court's minute order, Continental was required to
2 produce initial disclosure in compliance with the above rule by February 21, 2012.  Dkt.
3 39.
4       Pursuant to this Court's order, Continental was required to provide their expert
5 reports by August 28, 2012.  Dkt. 48 at 1-2.  In accordance with the Rule 26
6 (A)(2)(D)(ii), Mazda was required to have to disclosed its rebuttal expert by September
7 27, 2012.  However, the Court via stipulation extended the completion of expert
8 discovery until October 31, 2012.  Dkt. 48 at 1.  Though there seems to be some debate
9 between the parties about what they intended by the "expert discovery" extension, in this
10 context, the Court understands this extension to mean at least that Mazda would have had
11 until October 31, 2012 to prepare its expert rebuttal report, had Continental timely
12 submitted its report.

**B.     Application of Standards**

      In this case, it is clear that Continental failed to produce their initial disclosures in compliance with Rule 26(a) regarding computation of damages, as it included no computations whatsoever in its initial disclosures.  More importantly, after the parties agreed via stipulated order to extend the expert disclosure deadline until August 28, 2012, Continental failed to comply with the Court's order and did not timely produce Geckil's expert report.  Continental has not identified any good reason or substantially justified its failure to comply with the August 28, 2012 deadline.  Instead, it simply created a new self-imposed deadline for disclosure of its expert report, September 24, 2012, which it also failed to meet.

1    Due to Continental's delay, Mazda has demonstrated significant prejudice to their
2 case. Additionally, were the Court to attempt to cure this prejudice, it would be required
3 to alter dates to which the parties have already agreed and the Court has already ordered.
4 This would result in moving the dispositive motions date and other pretrial dates, and
5 likely the trial date as well. The Court declines to do so simply because Continental has
6 failed to be diligent in pursuit of its initial and expert disclosures.

7    At minimum, the Court finds the exclusion of Geckil's expert testimony
8 appropriate. The Court defers ruling on whether Continental should be precluded from
9 seeking monetary damages until a hearing is held on the issue.

### III. ORDER

Therefore, it is hereby **ORDERED** that Mazda's motion for Rule 37 relief (Dkt. 56) is **GRANTED**; Continental's expert testimony by Geckil is excluded; and the date for hearing on the total exclusion of evidence of monetary damages is set for **Tuesday, October 23, 2012 at 2:30 p.m.**

Dated this 16th day of October, 2012.

BENJAMIN H. SETTLE
United States District Judge